■ In the Matter of ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Appellant, Relative to Acquiring Title to Real Property on Behalf of the City of New York, in the County of Delaware for Additional Water Supply. WATSON NATURAL STONE COMPANY, INC., Respondent.— HAMM, J. Appeal from an order confirming an award of Commissioners of Appraisal. The claimant was the owner of approximately 20 acres of land which had been operated as a flagstone quarry. The operation was at all times conducted on a very limited scale although there were large quantities of flagstone deposits of high quality at the site. The purchase price of the entire acreage was approximately $2,800. In 1954 the claimant bought land and buildings approximately 30 miles away which were converted into a mill and storage area for the processing of stone from the subject quarry site and other sites. The capital investment in this processing plant was about $50,000. The claimant's testimony as to the plant was offered in substantiation of its intention prior to condemnation to engage in extensive quarrying operations. From the whole tract the city acquired 2.84 acres. The Commissioners awarded $39,000 for the acreage taken and the consequential damage to the 17 acres remaining. The claimant's undisputed evidence disclosed 54,885,600 square feet of usable flagstone on the acres not taken and 1,889,712 similar square feet on the area acquired. It was also undisputed that the royalty price of such flagstone would be 1½ to 2 cents per square foot and that there were markets for the stone. An expert testified without dispute that most of the 2.84 acres taken would have been a spoil area, where topsoil and overburden would be dumped after stripping, and that the taking ruined the claimant's contemplated operation since 60% of the spoil area was appropriated and the operation could not proceed without it. It was explained that the claimant did not undertake operations on a large scale because, although persons with transits were observed traversing the property, no information could be obtained from the city as to its plans for condemnation. The record contains evidence sufficient to warrant the Commissioners' finding that the large operation contemplated in connection with the processing plant mentioned would have been profitable. The appellant contends that the determination of the Commissioners was based on an erroneous principle of law. It argues that the 1,889,712 square feet of stone on the area taken was multiplied by two cents per foot for a total of $37,794.24 to which $1,205.76 was added as the value of the land for the $39,000 total. The claimant concedes that arriving at a damage figure by this multiplication would be so erroneous as to warrant the rejection of the Commissioners' report. However, we may not only not speculate that the erroneous method attributed to them was used but it is just as consistent to consider that this was not the method employed. The claimant's main theory of recovery was, that although the area taken would provide some stone, 60% of it constituted an essential spoil area for the rest of the land without which a large and successful operation could not be conducted. The method alleged by the appellant to have been used completely ignores the claimant's claim of consequential damage to the utility of the remaining land for a quarrying operation. The prospects of a profitable business were past the dream stage. The claimant established that it would have embarked upon a profitable quarrying business but for the taking, this being buttressed by its purchase of nearby milling facilities and the fact the city chose not to seriously contest any of the evidence. Thus, the Commissioners could rightfully consider the worth of this land as influenced by its mineral deposits and the partially executed plans for the derivation of future profits. The appellant offered no evidence concerning the quality and quantity of rock located on the 20 acres nor any evidence to contradict the claimant's proof

that the 2.84 acres taken completely frustrated the claimant's contemplated operation since 60% of the spoil area was appropriated and the operation could not proceed without it. We find that there was competent evidence to support the determination of the Commissioners. Order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.